UNITED STATES DISTRICT COURT
-------------------------DISTRICT COURT OF CONNECTICUT-------------------------

---------------------------------------------------:
PAUL FILIPPELLI,                                   :     CIVIL ACTION
                                                   :     NO. 3:02 1906 (PCD)
             Plaintiff,                            :
                                                   :
       -against-                                   :
                                                   :     TRIAL PREPARATION
THE TERRACE CLUB,                                  :     ORDER COMPLIANCE
                                                   :
             Defendant,                            :
---------------------------------------------------:

The Defendant, THE TERRACE CLUB, in compliance with the Trial Preparation Order of the Court, submits the within reply to Plaintiff's Section A.

### SECTION A:

**1. Claims of fact proposed for Stipulation as undisputed.**

1. The Plaintiff, PAUL FILIPPELLI, was and still is a resident of the State of New York.

**Defendant's Reply:**

Undisputed

2. The Defendant, DONNEL d/b/a THE TERRACE CLUB was and still is a business entity organized pursuant to the laws of the State of Connecticut.

**Defendant's Reply:**

Undisputed

3. On Friday, December 15, 2000, PAUL FILIPPELLI went to the Terrace Club around 11-11:30 PM with Stephen Maurello and Brian Bracey. (Filippelli Deposition page 61)

**Defendant's Reply:**

Disputed to the extent the plaintiff claims he arrived at The Terrace Club. Credibility of

witnesses and evidence to be weighed by the jury.

4. After entering the club the Plaintiff went to the end of the "round bar" near the door to the coat room and stood there with his friends. (Filippelli Deposition pages 75-78, Donahue deposition 61 )

**Defendant's Reply:**

Disputed to the extent of plaintiff's movements after entering Terrace Club. Disputed to the extent Mr. Fillipelli's friend Stephen Mauriello and Brian Bracey were present and/or observed the incident at issue. Donna Coppa 67, ln 4-14; Brian Bracey 39, ln2-11. Credibility of witnesses and evidence to be weighed by the jury.

5. While at the bar the Plaintiff heard people arguing and screaming about 10-12 ft away. (Filippelli Deposition pages 78-79)

**Defendant's Reply:**

Disputed. According to testimony of defendant's witnesses a single male patron who was conducting himself in an inappropriate manner, was approached and escorted from The Terrace Club after security personnel were called to assist bartender, Donna Coppa.

6. The Plaintiff was injured as people fell on top of him and he felt pain in his ankle. (Filippelli Deposition page 85)

**Defendant's Reply:**

Disputed. The manner in which the Plaintiff was injured is an issue of fact. Credibility of witnesses and evidence to be weighed by the jury.

7. The Plaintiff was standing in between the bar and the wall but not against the wall when everyone tumbled over on top of him. (Filippelli Deposition pages 90-91)

**Defendant's Reply:**

Disputed to the extent of plaintiff's movements after entering Terrace Club. Credibility of witnesses and evidence to be weighed by the jury.

8. Paul Filipppelli was taken from the Terrace Club by ambulance Stamford Hospital where they took X-rays. (Filippelli Deposition pages 95-96)

**Defendant's Reply:**

Undisputed except to the extent the Plaintiff claims "X-rays" were taken at Stamford Hospital. Upon information and belief based on Plaintiff's disclosures, only one X-ray was taken at the Stamford Hospital on December 16, 2000.

9. The Plaintiff was treated by Dr. Palmeri an Orthopedic Surgeon and underwent an open reduction with internal fixation of his right ankle on December 27, 2000. (Filippelli Deposition page 98, Hospital Records and Dr. Palmeri's records)

**Defendant's Reply:**

Disputed. The Plaintiff's testimony does not recite the surgical procedure proffered. Dr. Palmeri's records, the medical documentation of surgical procedures will be set forth in exhibits and testimony of Dr. Palmeri.

10. The Plaintiff had a second surgery to remove a screw on 2/26/01 performed by Dr. Palmeri at Sound Shore Medical Center. (Filippelli Deposition page 100, Sound Shore Medical Center, Dr. Palmeri's records)

**Defendant's Reply:**

Dr. Palmeri's records, the medical documentation of surgical procedures will be set forth in exhibits and testimony of Dr. Palmeri.

11. After the second surgery the Plaintiff received physical therapy from Klein Physical Therapy , (Filippelli Deposition pages 101-102, Klein Physical Therapy)

**Defendant's Reply:**

Disputed as vague. As for the Plaintiff's physical therapy, the records submitted into evidence will be weighed by the jury.

12. Plaintiff's injuries have caused him to be disabled and require the use of a cane. (Filippelli Deposition 108-109, Medical Records, Social Security Disability)

**Defendant's Reply:**

Disputed. The defendant will offer proof at trial that the Plaintiff failed to mitigate his damages by following the proper course of care; such proof consisting of the plaintiff's own medical records and reports as well as the testimony of Dr. Avi Weiner.

13. The Plaintiff was injured on Saturday, December 16, 2000 around 12:30 to 1:00 am at the Terrace Club. (Filippelli Deposition page 116-117, Donahue Deposition 79)

**Defendant's Reply:**

Disputed as to the accuracy of the time of the subject incident. Mr. Fillipelli was not sure of the exact time of the incident. Credibility of witnesses and evidence to be weighed by the jury.

14. Another patron was hurt that same night as the Plaintiff rode in the ambulance with a woman who had been cut in the club. (Filippelli Deposition page 127, Officer Davis deposition 41-42 and police report)

**Defendant's Reply:**

Disputed. There has been no independent offer of proof that another patron was injured. Moreover, the statement is irrelevant as to the alleged incident involving Mr. Fillipelli. Officer

Davis has no personal knowledge of the other incident alleged, Officer Davis deposition 40, 41, 78; Nelson Solis, 71

2. **Proposed Findings of Fact:**

1) On Friday February 15, 2000 at approximately 11-11:30 pm Paul Filippelli went to the Terrace Club at 1938 West Main Street, Stamford, CT. with Stephen Mauriello and Brian Bracey. (Filippelli Deposition page 61)

**Defendant's Reply**:

Disputed to the extent of the time the plaintiff arrived. Credibility of witnesses and evidence to be weighed by the jury.

2) The Plaintiff and his friends were standing at the end of the "Round Bar" between the bar and the door way to the coat room area. (Filippelli Deposition pages 75-76, pages 90-91)

**Defendant's Reply**:

Disputed. Other witnesses advise the plaintiff's friends were not in the vicinity of the incident. Donna Coppa, p. 67

3) While standing at the bar the Plaintiff's movement was limited as on one side there was the bar, to the rear of the bar there was a wall with a door way and opposite the bar there was another wall (Donahue deposition pp. 56, 77-78, 88, photos and diagram)

**Defendant's Reply**:

Disputed. The other patrons in the area had ample opportunity and ability to move from the area as did the plaintiff. Credibility of witnesses and evidence to be weighed by the jury.

4) While at the bar, the Plaintiff heard a commotion and saw people arguing and screaming about 10-12 ft away towards the middle of the "Round Bar". (Filippelli Deposition pages 78-79)

**Defendant's Reply**:

Disputed. The incident involved a single patron who was escorted from the premises. Clifford Hawthorne, 53, 17-24; Christopher Donahue 51-56, 67, 17-22; Nelson Solis, 50; Officer Davis, 22, ln 2-7, 25, ln 9-17, 63, ln 4-5, 83, ln 7-11

5) After several minutes the people arguing came closer to the Plaintiff and the crowd of people came at him and approximately 4-8 people fell on top of him causing him to fall to the floor. (Filippelli Deposition pages 83-84, 125)

**Defendant's Reply**:

Disputed. The incident involved a single patron who was escorted from the premises. Clifford Hawthorne, 53, 17-24; Christopher Donahue 51-56, 67, 17-22; Nelson Solis, 50; Officer Davis, 22, ln2-7, 25, ln 9-17, 63, ln 4-5, 83, ln 7-11

6) The Plaintiff was injured as people fell on top of him and he felt pain in his ankle. (Filippelli Deposition p. 85)

**Defendant's Reply**:

Disputed as to the cause and extent of plaintiff's injuries. Credibility of witnesses and evidence to be weighed by the jury.

7) From the time the Plaintiff first heard a commotion to the time the people were 6-8 ft away from him was approximately 2-3 minutes. (Filippelli Deposition page 88)

**Defendant's Reply**:

Disputed. The incident involved a single patron who was escorted from the premises. Clifford Hawthorne, 53, 17-24; Christopher Donahue 51-56, 67, 17-22; Nelson Solis, 50; Officer Davis, 22, ln 2-7, 25, ln 9-17, 63, ln 4-5, 83, ln 7-11

8) When the crowd came towards him, the Plaintiff stepped back to get out of the way but everyone toppled on top of him. (Filippelli Deposition pages 90-91)

**Defendant's Reply**:

Disputed. The incident involved a single patron who was escorted from the premises. Clifford Hawthorne, 53, 17-24; Christopher Donahue 51-56, 67, 17-22; Nelson Solis, 50; Officer Davis, 22, ln 2-7, 25, ln 9-17, 63, ln 4-5, 83, ln 7-11

9) After his friends helped him up he had swelling and tremendous pain in his right ankle and an ambulance was called which came and took him to Stamford Hospital. (Filippelli Deposition pages 91-95)

**Defendant's Reply**:

Disputed as to the cause and extent of plaintiff's injuries. Credibility of witnesses and evidence to be weighed by the jury.

10) The Plaintiff was injured on Saturday, December 16, 2000 from 12:30 am to 1:15 am at the Terrace Club. (Filippelli Deposition pages 116-117, Donahue letter and deposition 69, 79, Stamford Police Report)

**Defendant's Reply**:

Disputed to the extent that plaintiff's proposed finding of fact implicates causation.

11) The Plaintiff sustained a comminuted fracture of the right ankle (fibula) which is the equivalent fracture of a bimalleular fracture that required extensive medical treatment including an open reduction with internal fixation of the fibula and syndemosis and 2 subsequent operations all performed by Dr. Michael Palmeri (Orthopaedic Surgeon) at Sound Shore Medical Center on 12/27/00, 2/26/01 and 10/03/03. (Filippelli Deposition 98, Dr. Palmeri's records, Sound Shore

-7-

Medical Center).

**Defendant's Reply**:

Disputed. The plaintiff's injuries, diagnosis, treatment and prognosis will be set forth in exhibits and testimony of medical providers. Credibility of witnesses and evidence to be weighed by the jury.

12) The Plaintiff had additional treatment including physical therapy, at Klein Physical Therapy and New Rochelle Physical Therapy, Pain Management and he has further suffered an injury to his peroneal nerve, which injuries have caused the Plaintiff to be disabled and to suffer atrophy of his right calf. (Filippelli Deposition pages 108-109, EMG report, Dr. Palmeri records and reports, Social Security Records, North Disability Services)

**Defendant's Reply**:

Disputed. The plaintiff's injuries, diagnosis, treatment and prognosis will be set forth in exhibits and testimony of medical providers. Credibility of witnesses and evidence to be weighed by the jury.

13) Plaintiff's injuries are causally related to the injury he sustained at the Terrace Club on December 16, 2000 and his injuries and disability to his right leg, ankle and back have caused him to walk with a limp and require the use of a cane and his injuries are believed to be permanent. (Dr. Palmeri records, Social Security records)

**Defendant's Reply:**

Disputed. The plaintiff's injuries, diagnosis, treatment and prognosis will be set forth in exhibits and testimony of medical providers. Credibility of witnesses and evidence to be weighed by the jury.

14) The Plaintiff is unable to work due to his injuries suffered at the Terrace Club. (Dr. Palmeri's records and report)

**Defendant's Reply**:

Disputed. The plaintiff's past, present and future ability to work will be introduced by testimony of plaintiff and defendant's vocational rehabilitation experts, past employment and testimony by the plaintiff. Credibility of witnesses and evidence to be weighed by the jury.

15) The Plaintiff has incurred medical bills in the amount of $49,364.70 and there is a Medicaid Lien for the amount of benefits paid to him as well as liens for treatment provided by the Plaintiff's health care providers. (Medical bills)

**Defendant's Reply**:

Disputed as to the amount of outstanding medical records and the amount of the Medicaid Lien alleged by the plaintiff.

16) The Defendant knew or should have known that a dangerous condition existed due to the altercation involving patrons and/or security personnel in proximity to the place where the Plaintiff was standing and its failure to control the crowd of its patrons as the club was a little crowded. (Filippelli Deposition 70, 119-123, Donahue Deposition 53-56, 62-67, 77-78, Hawthorne Deposition, 54,57, 60-66, 76, Coppa Deposition 37-38, 40-42, Security Manual, Report of Johnston).

**Defendant's Reply**:

Disputed. The defendant's employees responsible for security are well-trained. Clifford Hawthorne, 11-15, 17, 18, 20-23, 25-34, 41-43, 48, 74 ln22-25, 75, ln 1-6; Christopher Donahue, 18, 19, 29-31, 33-37, 44, 48; Nelson Solis, 23-39, 44-46; Officer Davis, 13, ln 14-17, 18, 25-27, 49,

ln 4-7, 58, ln 17-20, 91, ln 18-23, Report and findings of Al Palumbo

17) The Defendant failed to employ proper security procedures to maintain a safe environment in its club establishment and to remove any patrons creating a disturbance or posing a risk to other patrons (Donahue Deposition 57, 62-68, 77-78, Hawthorne Deposition 54, 57, 60-66,76, Coppa Deposition 40-43,44,46,47,49,50,53-57, Security Manual, Report of Johnston)

**Defendant's Reply**:

Disputed. The defendant's employees responsible for security are well-trained. Clifford Hawthorne, 11-15, 17, 18, 20-23, 25-34, 41-43, 48, 74 ln22-25, 75, ln 1-6; Christopher Donahue, 18, 19, 29-31, 33-37, 44, 48; Nelson Solis, 23-39, 44-46; Officer Davis, 13, ln 14-17, 18, 25-27, 49, ln 4-7, 58, ln 17-20, 91, ln 18-23, Report and findings of Al Palumbo

18) The Defendant failed to properly employ, train and supervise its security personnel and the Defendant failed to utilize Police Officer Davis who was present to quell any disturbance and to further control the crowed or remove any unmannerly patrons (Police Officer Davis Deposition 61, 76, Hawthorne Deposition 76, Report of Johnston)

**Defendant's Reply**:

Disputed. The defendant's employees responsible for security are well-trained. Clifford Hawthorne, 11-15, 17, 18, 20-23, 25-34, 41-43, 48, 74 ln22-25, 75, ln 1-6; Christopher Donahue, 18, 19, 29-31, 33-37, 44, 48; Nelson Solis, 23-39, 44-46; Officer Davis, 13, ln 14-17, 18, 25-27, 49, ln 4-7, 58, ln 17-20, 91, ln 18-23, Report and findings of Al Palumbo

19) The injuries to the Plaintiff were reasonably foreseeable and could have been prevented by the Defendant. (Report of Johnston)

**Defendant's Reply**:

Disputed. The defendant's employees responsible for security are well-trained. Clifford Hawthorne, 11-15, 17, 18, 20-23, 25-34, 41-43, 48, 74 ln22-25, 75, ln 1-6; Christopher Donahue, 18, 19, 29-31, 33-37, 44, 48; Nelson Solis, 23-39, 44-46; Officer Davis, 13, ln 14-17, 18, 25-27, 49, ln 4-7, 58, ln 17-20, 91, ln 18-23, Report and findings of Al Palumbo

20) Due to the injuries caused by the Defendant's negligence the Plaintiff's past, present and future earnings have been reduced and he will incur additional household expenses. (Dr. Palmeri reports, Dr. Schuster's report, Dr. Evans report)

**Defendant's Reply**:

Disputed. The defendant's employees responsible for security are well-trained. Clifford Hawthorne, 11-15, 17, 18, 20-23, 25-34, 41-43, 48, 74 ln22-25, 75, ln 1-6; Christopher Donahue, 18, 19, 29-31, 33-37, 44, 48; Nelson Solis, 23-39, 44-46; Officer Davis, 13, ln 14-17, 18, 25-27, 49, ln 4-7, 58, ln 17-20, 91, ln 18-23, Report and findings of Al Palumbo

21) The Plaintiff has and will continue to be disabled, suffer pain and will require additional medical treatment thereby incurring additional costs (Dr. Palmeri reports)

**Defendant's Reply**:

Disputed. The plaintiff's injuries and prognosis are subject to testimony and evidence presented by the plaintiff. Credibility of witnesses and evidence to be weighed by the jury.

22) The Plaintiff was not told to move or leave the area where he was standing before he was injured. (Donahue deposition 65)

**Defendant's Reply**:

Disputed. The defendant's employees responsible for security are well-trained. Clifford

Hawthorne, 11-15, 17, 18, 20-23, 25-34, 41-43, 48, 74 ln22-25, 75, ln 1-6; Christopher Donahue, 18, 19, 29-31, 33-37, 44, 48; Nelson Solis, 23-39, 44-46; Officer Davis, 13, ln 14-17, 18, 25-27, 49, ln 4-7, 58, ln 17-20, 91, ln 18-23, Report and findings of Al Palumbo; Paul Fillipelli 80-84, 119120, 122; Stephen Mauriello 60, ln. 16-25; Brian Bracey, 39

### 3. Claims of Law

The Defendant was negligent in not properly supervising and safeguarding its patrons when its employees took control of an individual and ejected him, causing panic and fear which resulted in the surging of the crowd and the trampling and injury to the Plaintiff herein. Nolan v. Morelli, 154 Conn. 432, 226 A.D.2d 383 (1967), Mehri v. Becker, 164 Conn. 516, 325 A.2d 270 (1973); Castillo v. Brito, 5 Conn. L. Rptr. 201, 1991 CT. Sup. 8741, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 394099 (October 28, 1991, Hennessy, J.); Greenley v. Miller's, Inc., 111 Conn. 584.

The Defendant was negligent in failing to provide adequate security. The Defendant's employees failed to summon a uniformed police officer who was also a security employee of the Defendant, and present at the time of the incident. The Defendant was negligent when, after seizing a troublesome patron, its security people escorted him out on a route and in a manner as to cause the crowd to surge and trample other patrons, resulting in injuries to the Plaintiff. The Defendant was negligent in the hiring, training, and supervising of its security personnel such that they caused the crowd to trample the Plaintiff when they escorted out a patron. The Defendant was negligent in failing to adopt proper security procedures and to avoid compressing the crowd in the narrow space between the bar and sound booth, thus causing the crowd to surge when they removed an unruly patron(s) out through a doorway. Security personnel failed to limit and control the crowd and to

remove patrons from the area before escorting unruly patron(s) out of the club. The Defendant was negligent in failing to have an adequately trained and professionally supervised security personnel available to protect patrons when they escorted out a person under their control or to quell any disturbance. Nolan v. Morello, 154 Conn. 432, 226 A.D.2d 383 (1965); Mehri v. Becker, 164 Conn. 516 (1973); Winston v. Pool Hand Luke's, Inc., 2003 WL 21235288 (Conn. Super.).

**4. Plaintiff's Proposed Exhibits:**

1. Photos 1-15
2. Terrace Club Plan (s)
3. Police Report
4. Stamford Police Blotter
5. Terrace Club Security Procedures Manual
6. Terrace Club letter dated December 20, 2000
7. Deposition of Christopher J. Donahue
8. Deposition of Nelson Solis
9. Deposition of Cliff Hawthorne
10. Deposition of Donatella Coppa
11. Statement of Donna Coppa
12. Letter to Donna Coppa dated October 20, 2003
13. Deposition of Officer Davis.
14. Deposition of Brian Bracey
15. 1998 Tax Return
16. 1999 Tax Return
17. Social Security correspondence dated February 26, 2002
18. Social Security correspondence dated March 1, 2002
19. Social Security correspondence dated August 8, 2002
20. Social Security correspondence dated May 2, 2003
21. Physical Residual Functional Capacity Assessment January 29, 2002
22. Social Security Statement dated October 6, 2003
23. Social Security Benefit Statement for 2003
24. Schedule of Bills from medical providers with attached bills
25. Stamford Hospital Records
26. Sound Shore Medical Center Records dated December 27, 2000
27. Sound Shore Medical Center records dated February 26, 2001
28. Sound Shore Medical Center records dated October 3, 2003
29. Dr. Palmeri office notes 12/21/00 - 11/16/04
30. Dr. Palmeri report dated 9/26/01
31. Dr. Palmeri report dated 12/17/02

32. Dr. Palmeri report dated 12/23/03
33. Stamford Hospital X-rays 12/16/00
34. Stamford Hospital X-rays 12/21/00
35. New Rochelle Radiology X-rays 1/16/01
36. New Rochelle Radiology X-rays 2/26/01
37. X-rays taken by Dr. Palmeri
38. Klein Physical Therapy
39. New Rochelle Physical Therapy
40. North Disability Services records
41. Report of David Johnston dated 3/15/04
42. Report of Richard J. Schuster, Ph.D.
43. Report of Joel R. Evans, Ph.D.
44. ECNY pay stubs
45. Foremost pay stubs
46. Enterprise paystub
47. Local Union 3 Agreement and Rules
48. Union Correspondence
49. Plaintiff reserves his right to supplement this list of exhibits based upon Defendant's case at trial.

**5. Plaintiff's Witness List:**

1. Paul Filippelli: The Plaintiff will testify as to the manner in which he was injured, the injuries he sustained and the damages resulting from said injuries. The Plaintiff will further testify as to his pain and suffering and the impact of the injuries upon his life.

2. Stephen Mauriello: The witness will testify about the events of December 15, 2000 to December 16, 2000 and the circumstances leading to Plaintiff's injury and he will further testify as to his observations of the Plaintiff after December 16, 2000 and the impact of the injuries upon the Plaintiff's life.

3. Donna Coppa: The witness is expected to testify as the events that occurred on December 15, 2000 to December 16, 2000.

4. Christopher Donahue: The witness is expected to testify if called about the events of December 15, 2000 to December 16, 2000, the physical layout of the Terrace Club, security procedures and training of security personnel.

5. David Johnston: Security/Forseeability Expert: The witness will testify as to his review of the circumstances in which Plaintiff was injured, his review of the training supervision and organization of Defendant's security; the

        forseeability of injury to a patron and the Plaintiff and a response to Defendant's expert.

6.    Joel Evans, PH. D.: Economic Consultant. The witness will testify as to his evaluation of the economic loss suffered by the Plaintiff and to further respond to Defendant's experts.

7.    Richard Schuster, Ph. D.: Vocational Rehabilitation Consultant: The witness will testify as to the Plaintiff's past, present and future vocational opportunities, education and learning skills, labor market analysis, workforce ramifications, Plaintiff's test scores and their impact on the Plaintiff. The witness will further testify as to Plaintiff's earning potential and loss of lifetime workforce participation.

8.    Dr. Michael Palmeri: Orthopaedic Surgeon: the witness will testify as to the past, present and future treatment and disability of the Plaintiff, his diagnosis of Plaintiff's condition, cost of medical treatment in the past and in the future. The witness will further testify as this review of the medical records, his observations of the Plaintiff, progress of the Plaintiff, Plaintiffs ability to work the reports by Defendant's experts.

9.    Marie Filippelli/Dawn Onorino: Mother/Sister of Plaintiff will testify if called as to the impact of the Plaintiff's injuries upon this life and their observations of the Plaintiff after December 16, 2000.

10.    New Rochelle Physical Therapy: The witness is expected to testify if called as to the treatment provided to the plaintiff and their observations of Plaintiff's condition and the extent of his disability.

### 6. Proposed Evidence in Dispute:

| | |
|---|---|
| 1. | Photos 1-15 |
| 3. | Police Report |
| 4. | Stamford Police Blotter |
| 6 | Terrace Club letter dated December 20, 200 |
| 17-20 | Social Security correspondence |
| 21. | Physical Residual Functional Capacity Assessment January 29, 2002 |
| 22-23 | Social Security statements |
| 35-37 | X-rays (pending obtaining copies) |
| 44-46 | pay stubs pending admission of employment correspondence obtained by defendants |
| 47-48 | Union information (pending result of subpoena) |

Dated: Stamford, CT
       March 14, 2005

                        Respectfully submitted,

                        The Defendant,
                        THE TERRACE CLUB

                        By: _____
                        Christopher B. Weldon, Esq. (CT14128)
                        Darren P. Renner, Esq. (CT 15901)
                        Lori A. Eaton, Esq. (CT 22414)
                        Lustig & Brown, LLP
                        1177 Summer Street
                        Stamford, CT 06905
                        Tele: 203/977-7840

## CERTIFICATE OF SERVICE

     Pursuant to D. Conn.L.Civ.R.5, this is to certify that a copy of the foregoing was mailed on the above date to the following:

JOHN S. KOMMER, ESQ.
ROBERT C. OLLMAN, ESQ.
Marcus, Ollman & Kommer
*Attorneys for Plaintiff*
72 East Main Street
New Rochelle, New York 10801
(914)633-7400

                                              _____
                                            Lori A. Eaton, Esq.