# UNITED STATES DISTRICT COURT
----------------------------------DISTRICT OF CONNECTICUT----------------------------------

| | |
|---|---|
| PAUL FILIPELLI, | CIVIL ACTION |
| Plaintiff, | NO. 3:02CV1906 (PCD) |
| vs. | |
| | TRIAL |
| | PREPARATION ORDERS |
| THE TERRACE CLUB | |
| | CHARGE TO JURY |
| Defendant. | |

## PRELIMINARY REQUEST TO CHARGE JURY

The defendant, THE TERRACE CLUB, through counsel, hereby propose the following

request for charges to be presented to the jury at the close of evidence.  However, the undersigned

defendants reserve the right to supplement, amend and/or withdraw certain jury instructions up and

until the charging conference before the trial judge.

Dated: March 14, 2005
       Stamford, CT

                                        Respectfully submitted,

                                        The Defendant,
                                        THE TERRACE CLUB

                                        By: _____
                                        Christopher B. Weldon, Esq. (CT 14128)
                                        Darren P. Renner, Esq. (CT 15901)
                                        Lori A. Eaton, Esq.(CT 22414)
                                        Lustig & Brown, LLP
                                        1177 Summer Street
                                        Stamford, CT  06905
                                        Tele:  203/977-7840

## CERTIFICATE OF SERVICE

Pursuant to D.Conn.L.Civ.R.5, this is to certify that a copy of the foregoing was mailed on the above date to the following:

John Kommer, Esq.
Marcus, Ollman & Kommer
72 East Main Street
New Rochelle, NY 10801
Tele. No. (914) 633-7400
Fax No. (914) 633-7445

Lori A. Eaton, Esq.

UNITED STATES DISTRICT COURT
--------------------------------DISTRICT OF CONNECTICUT-----------------------------------

| | |
|---|---|
| PAUL FILIPELLI,<br><br>                                        Plaintiff,<br><br>vs.<br><br>THE TERRACE CLUB<br><br>                                        Defendant. | CIVIL ACTION<br> NO. 3:02CV1906 (PCD)<br><br>SECTION C TRIAL<br>PREPARATION ORDERS<br><br>CHARGE TO JURY |

## REQUESTS TO CHARGE

### 1.    BURDEN OF PROOF

In the pleadings in this case you will find that certain allegations made by one party are admitted by the other, and insofar as this occurs, you will treat the facts within those allegations as true.  (You will recall also that in the trial certain facts were admitted or conceded and in your deliberations you may regard such facts also as true.)  Your difficulty will come in deciding what was the truth when there is evidence which, on the one hand, tends to provide, and, on the other, tends to disprove certain facts.  Where these facts are necessary to establish a right of recovery as a defense, the party upon whom rests the burden of proof must prove them by a fair preponderance of the evidence.  By "fair preponderance of the evidence" I mean this: he must prove them by the better and the weightier evidence.  You will take all the evidence that is offered here, and consider the various circumstances which are involved, you will weigh it and them; and then if you find that the evidence fairly preponderates in favor of the plaintiff, he will have provided the particular issue you have before you.  If, on the other hand, it does not fairly preponderate in his favor, if the better and weightier evidence does not seem to you to prove his position, then he has failed in his duty to

prove to you the facts upon which he relies; and in case it happens that as to any issue the evidence is evenly balanced, so that you cannot say that it inclines one way or the other, then upon that issue your decision must be against the party who has the burden of proof, because in such a situation he has not proved it by a fair preponderance of the evidence.

Let me caution you also that whether or not you find a fact proven is not to be determined by the number of witnesses testifying for or against it; it is the quality, not the quantity of testimony which should be controlling.

In many instances it is not possible to establish facts involved in cases heard in court with absolute certainty, and the law does not require a party upon who rests the burden of proof to meet that strict standard; he is not bound to demonstrate conclusively his right to recover or defend. If the evidence which you have heard, considered fairly and impartially, produces in your minds a reasonable belief of the probability of the existence of any fact, then you are to treat that fact as proven; and this is particularly true as regards future events.

It is incumbent upon the plaintiff to establish liability by a preponderance of the evidence. Any finding thereon must be based upon substantial evidence and not upon mere surmise, conjecture or sympathy.

Donovan v. Connecticut Company, 84 Conn. 531, 534 (1911).

## 2.  CREDIBILITY OF WITNESSES

The credibility of witnesses and the weight to be given to their testimony are matters which it is peculiarly your function to determine.  However, I may properly make certain suggestions to you.  No fact is, of course, to be determined merely by the number of witnesses testifying for or against it; it is quality, not quantity, of testimony which controls.  In weighing the testimony of a witness, you should consider his appearance upon the stand; you should try to "size him up;" you should have in mind all those little circumstances which point to his truthfulness or untruthfulness. You should consider any possible bias or prejudice he may have, whether for or against the plaintiff or any of the defendants; his interest or lack of interest, of whatever sort, in the outcome of the trial; his ability to observe facts correctly, and to remember and relate them truly and accurately.  You should test the evidence he gives by your own knowledge of human nature and of the motives which influence and control human action.  If any facts are admitted or otherwise proved to you, you may well bring them into relation with his testimony and see if they fit together with it.  In short, you are to bring to bear upon it the same considerations and use the same sound judgment you apply to the question of truth and veracity which are daily presenting themselves for your decision in the ordinary affairs of life.

Adapted from Wright & Ackerman, *Connecticut Jury Instructions*, 4th Edition, Sections 640 (1993).

3.    **OPINIONS OF EXPERTS**

In this particular case certain witnesses have gone upon the stand and stated to you, not merely what they knew, but also what their opinion was as to certain circumstances. No matter what may be the expertness of the particular witness who states to you an opinion upon a fact in the case, it is subject to be reviewed at your hands. It is in no way binding upon you. It is for you to consider it with the other circumstances in the case, and, using your best judgment, determine whether or not you will give any weight to it, and if so, what weight you will give to it.

The weight to be accorded to the testimony of an expert witness depends upon your conclusion as to the proof and completeness of the facts considered by him in drawing his conclusion. You will determine whether the facts given him were the true facts as you find them and also whether all of the facts you find were made available to him in the history given to him.

Now, in weighing and considering the testimony of expert witnesses, in determining to what extent you will attach weight to the opinions which they gave, you are to apply to them the same rules that you apply to any witness, insofar as it relates to the interest, bias or prejudice, appearance and demeanor upon the witness stand, frankness and candor, and so forth. You are to determine whether these witnesses are possessed of peculiar and exclusive knowledge and experience in a specialized field. The value which of course is to be attached to their testimony, and the weight to be accorded it, will of course depend upon many other things: upon the actual skill possessed by the so-called expert, by the experience he has had, and the training he has had. The weight which is to be given to the testimony of an expert witness is for you to determine. Experts are merely giving an opinion to help you decide. You are as much judges of the weight, importance and credibility of

the testimony of one who appears before you as an expert witness as you are of the those qualities and testimony of ordinary witnesses.

Finally, if you find that an expert witness expert is not credible, you must reject his opinion regardless of whether they believe or disbelieve the subordinate facts on which the opinion is based. And then you must reject the opinion of an expert to the extent that such opinion is based on subordinate facts which they do not find proven.  Nash v. Hunt, 166 Conn. 418, 425, 426 (1975).

Adapted from Wright & Ankerman, *Connecticut Jury Instructions*, 4th Edition, Sections 324, 325 & 326 (1993).

4.    **FALSE TESTIMONY**

The credit that you will give to the testimony offered by the various witnesses is something which you must determine. Where a witness testifies inaccurately and you do not think that the inaccuracy was consciously dishonest, you should bear that in mind and scrutinize the whole testimony of that witness; German v. German, 125 Conn. 84, 89 (1938). The significance that you would attach to it would vary more or less with the particular fact as to which the inaccuracy existed, or the surrounding circumstances which, in your mind, ought to have impressed it upon and have caused a correct retention of it to have been made in the mind or memory of the witness. It is after all a question for you to pass upon.

If you find that there has been inaccuracy in one respect upon the part of a witness, remember it in judging the rest of his testimony, and give to it that weight which your own minds lead you to think it ought to have, and which you would attach to it in the ordinary affairs of life where anyone came to you in a matter and you found that in some particular he was inaccurate. If however, you conclude that a witness has not only testified falsely but that he has done that intentionally or wilfully, this fact casts a very serious doubt upon all his testimony, and you might well conclude that you cannot accept any of it. State v. Segar, 96 Conn. 420, 428 (1921). That, however, is a matter for you to determine and even though you find he intentionally gave false testimony as to certain matters, you may find that as to certain other matters, he gave testimony worthy of acceptance by you as true. After all, whether you should regard all of his testimony or believe some parts of it is for you to decide. Leitzes v. F. L. Caulkins Auto Co., 123 Conn. 459, 461 (1937).

Adapted from Wright & Ackerman, *Connecticut Jury Instructions*, 4th Edition, Sections 644 (1993).

5.  **COMMON LAW NEGLIGENCE**

Negligence is the violation of a legal duty which one person owes to another to care for the safety of that person or that person's property.

The broad principle of law which lies at the basis of this case is this: Where the activities of two persons come into such conjunction that unless proper care is used injury is likely to occur, each must use such care to avoid the injury. The plaintiff claims that the defendant was negligent in the way it acted. Now Negligence is the doing of something which a reasonably prudent man would not do under the circumstances, or the omitting to do what a reasonably prudent man would do under the circumstances. It is the breach of a legal duty owed by one person to another, and such legal duty is the exercise of reasonable care. **New England Iron Works Co. V. Connecticut Co.**, 98 Conn. 609, 610, 611 (1923).

You will note that I have said that it was the duty of the defendant to use reasonable care to make its premises reasonably safe for use by an invitee. That does not mean that the defendant was in any sense an insurer of the safety of its invitees or of this plaintiff. The defendant had the duty to use reasonable care to keep its premises reasonably safe, and by reasonable care is meant the care which a reasonably prudent owner of such premises would use.

A.  **Duty Owed To Business Invitees**

An invitee is one who is invited or permitted to enter or remain on land in the possession of another for a purpose directly or indirectly connected with business dealings between them; and this definition includes both those who enter the premises to do business thereon and those who are there in furtherance of their own business which is directly or indirectly connected with any purpose, business or otherwise, for which the possessor uses the land. The definition includes one who goes

on the land to serve the convenience of some one who is there for the purpose of doing business or to deliver articles to the possessor of the land.  Restatement, Second, Torts §332.

It is not the law that the plaintiff is entitled to compensation merely because he is injured while on the premises controlled by another. The defendant is not required to guarantee the safety of all persons on the premises. Rather the defendant is only liable for the resulting injuries if the plaintiff meets the burden to prove the necessary elements of a defective premises claim as I have outlined them for you.

6.    **PROXIMATE CAUSE**

Proximate cause or substantial factor is generally defined to be a cause which in the ordinary course of things produces an event without the intervention of any other cause or causes and without which the event would not have happened, for even if there was negligence on the part of the defendant, unless that negligence is a proximate cause of the accident, the defendant is not liable. If the accident did not follow as a natural sequence in the ordinary course of events from the negligent act of the defendant, it would not be proximate cause. The plaintiff must establish that the negligence complained of was the proximate cause of the injury and that his fall and consequent injuries were caused by the defendant's negligence.

Adapted from Wright & Ackerman, Connecticut Jury Instructions, 4th Edition Section o644 (1993).

7.    **CONTRIBUTORY NEGLIGENCE**

In this case the defendant has filed a special defense alleging that the plaintiff's injuries were legally caused by the plaintiff's own negligence. The defendant must prove the elements of this special defense by a preponderance of the evidence. Specifically, the defendant must prove that the plaintiff was negligent in one or more of the ways specified in the special defense and that such negligence was a legal cause of any of the plaintiff's injuries.

It was the plaintiff's duty to be watchful of his surroundings and of the way in which he was going, and to exercise ordinary care both to avoid dangers known to him and to discover dangers and conditions of danger to which he might become exposed.

The plaintiff's duty to exercise ordinary care to avoid injury includes the duty to exercise ordinary care to observe and appreciate danger or threatened danger, and the plaintiff is conclusively presumed to know and appreciate dangers which, under the same or similar circumstances, would have been know or appreciated by an ordinarily prudent person.

8.    **DAMAGES**

In his complaint the plaintiff claims to recover certain items of damage. The fact that he makes these claims has only this significance for you: You cannot properly give him damages beyond what he has alleged in his complaint.

Also in his complaint the plaintiff states that he has incurred or will probably have to incur in the future expenses due to the injury he suffered: that, by reason of the injury, he has lost certain sums he would otherwise have earned; that he will in the future lose other such sums; and that he has suffered certain injuries which he describes. These allegations furnish the measure of his right to recover; and you can give him damages only for expenses, losses or injuries falling fairly within their scope.

Finally, not only is the plaintiff limited in the amount he may recover by these allegations, but, within them, he must satisfy you by a fair preponderance of the evidence, as I have defined that to you, of the amount he is entitled to receive as damages.

Adapted from Wright & Ackerman, *Connecticut Jury Instructions*, 4th Edition, Section 226 (1993).

The within charges are subject to modification at the close of evidence.

Respectfully submitted,

The Defendant,
THE TERRACE CLUB

By: _____

Christopher B. Weldon, Esq. (CT 14128)
Darren P. Renner, Esq. (CT 15901)
Lori A. Eaton, Esq.(CT 22414)
Lustig & Brown, LLP
1177 Summer Street
Stamford, CT  06905
Tele:  203/977-7840

-14-