UNITED STATES DISTRICT COURT **FILED**
----------------DISTRICT OF CONNECTICUT----------------

2005 MAR 16  P 2: 24

U.S. DISTRICT COURT
NEW HAVEN, CT

|  |  |
|---|---|
| PAUL FILIPPELLI, | |
| Plaintiff, | **PRELIMINARY STATEMENT IN LIEU OF AN OPENING STATEMENT** |
| -against- | CIVIL ACTION NO. 3:02 CV1906 (PCD) |
| THE TERRACE CLUB, | |
| Defendant, | |

On December 16, 2000, at approximately 1:00 a.m. the Plaintiff, PAUL FILIPPELLI was seriously injured while a lawful patron of the Defendant THE TERRACE CLUB located at 1938 West Main Street, Stamford, Connecticut. Mr. Filippelli was in a bar area of the premises with friends when an incident developed with an unruly patron necessitating THE TERRACE CLUB security personnel to respond. The Plaintiff was seriously injured when security personnel forcibly ejected an unruly patron causing Mr. Filippelli to be trampled and knocked to the ground.

Plaintiff alleges that the Defendant failed to exercise reasonable care in supervising the conduct of its security personnel and failed to protect Mr. Filippelli from injury. As of result of Defendants negligence, Mr. Filippelli sustained a displaced right ankle fracture with disruption of the tibial fibular syndesmosis. He has undergone three surgical procedures for the installation and removal of internal fixation hardware in his right ankle. Mr. Filippelli has severe atrophy of his right leg, ambulates with a marked limp requiring the use of a cane and may require reconstructive

surgery. The Plaintiff has been permanently disabled from his employment and his sole source of income is Social Security Disability.

The Plaintiff claims in the Complaint that the Defendant was negligent in the training and supervision of its employees and providing security for patrons. The Defendant failed to exercise reasonable care to protect Mr. Filippelli, who was a business invitee, from the stampede that was ignited by the negligent removal of an unruly patron by THE TERRACE CLUB security personnel.

The Plaintiff will demonstrate from the evidence that THE TERRACE CLUB made no effort to clear the area of patrons where Plaintiff was located before attempting to force the unruly patron to leave. If force were required, security should have summoned the off-duty police officer who was present to help quell these kinds of incidents and the area should have been cleared before any attempt was made to forcibly eject the belligerent patron from the club. If the unruly patron had to be ejected there were alternate exits that could have been used which would have avoided the injury to Plaintiff.

After three surgeries to his right ankle, PAUL FILIPPELLI, continues to suffer pain, weakness and a limitation of motion of his ankle and continues to be disabled.

Immediately after the incident of December 16, 2000, Mr. Filippelli was taken to Stamford Hospital by ambulance. An x-ray confirmed that the Plaintiff suffered a comminuted fracture of the distal portion of the right fibula with widening of the ankle mortise indicative of ligamentous injury. The ankle was splinted and Mr. Filippelli was discharged with instructions to follow up with an orthopedist.

Mr. Fillipelli first saw Michael Palmieri, M.D., a Board-Certified Orthopedic Surgeon, on December 21, 2000. Dr. Palmieri confirmed the existence of a bimalleolar fracture with injury to the tibial fibular syndesmosis and deltoid widening. A closed reduction of the fracture was

performed and a short cast was applied. A follow-up x-ray was done at New Rochelle Radiology that day again revealed the fracture dislocation.

An open reduction, internal fixation procedure with installation of hardware was performed on December 27, 2000 at Sound Shore Medical Center by Dr. Palmieri. A second surgical procedure was done at Sound Shore Medical Center by Dr. Palmieri where he removed one of the four screws in Mr. Filippelli's ankle. The Plaintiff began physical therapy on March 19, 2001 three times per week for 9 months, until December 2001, due to persistent pain, loss of range of motion and weakness in his right ankle.

On October 3, 2003, the Plaintiff underwent a third operative procedure to his right ankle performed by Dr. Palmeri. A screw causing pain was removed and a cast was applied. Dr. Palmeri finds Mr. Filippelli's condition to be permanent and prevents him from doing work requiring standing, carrying or walking. Additional reconstructive surgery remains a possibility.

Plaintiff's expert, Dr. Richard Schuster of Comprehensive Rehabilitation Consultants will testify as to his evaluation of Mr. Filippelli as to his ability to participate in the work force. He will assess his current status, the effect of Mr. Filippelli's condition upon his vocational potential, his future rehabilitation needs and the effect of his condition upon his quality of life. He will explain his evaluation based on interview and testing of the Plaintiff and review of his employment, educational and medical records. Dr. Schuster will discuss Mr. Filippelli's pre-injury earning capacity, as well as post injury earning potential and discuss his anticipated loss in lifetime work force participation, due to his injuries and rehabilitation.

In addition, you will hear testimony of Dr. Joel R, Evans of Conrad Berenson & Associates, who will give an evaluation of Mr. Filippelli's economic loss and discuss Mr. Filippelli's post injury future earnings potential and the projection of the economic loss with respect to Plaintiff's

earnings. Dr. Evans will show the calculations of the "present value" of Mr. Filippelli's total earnings loss and ability to perform some household services.

At the conclusion of the testimony, Plaintiff will request a verdict in his favor, determining that the Defendant was negligent and Defendant's negligence caused Mr. Filippelli's injuries. The Plaintiff will ask this jury to award damages that fairly, justly and reasonably compensate him for all of injuries and losses past and future for his pain and suffering, medical expenses, economic damages, loss of earnings and loss of enjoyment of life, based on his life expectancy.

Dated: New Rochelle, New York
       March 15, 2005

Respectfully submitted,

MARCUS, OLLMAN & KOMMER

ROBERT CHARLES OLLMAN, ESQ.
CT. Bar# CT 24555
Attorney's for Plaintiff
72 East Main Street
New Rochelle, New York 10801
(914) 633-7400
rollman@MOKLaw.com

## CERTIFICATE OF SERVICE

Pursuant to D. Conn.L.Civ.R.7(e), this is to certify that a copy of the foregoing was mailed on the above date to the following:

Darren Renner, Esq.
Lustig & Brown, LLP
Attorneys for Defendant
1177 Summer Street
Stamford, Connecticut 06905

ROBERT C. OLLMAN, ESQ.