UNITED STATES DISTRICT COURT
-------------------DISTRICT OF CONNECTICUT-------------------

-------------------------------------------------- :
PAUL FILIPPELLI,                                  :
                                                  :
                    Plaintiff,                    :     PLAINTIFF'S
                                                  :     REQUESTED
                                                  :     JURY INSTRUCTION
                                                  :     CIVIL ACTION
       -against-                                  :     NO. 3:02 CV1906 (PCD)
                                                  :
THE TERRACE CLUB,                                 :
                                                  :
                    Defendant,                    :
-------------------------------------------------- :

FILED
2005 MAR 16  P 2: 24
U.S. DISTRICT COURT
NEW HAVEN, CT

Plaintiff hereby requests that the Judge issue the following instructions to the jury, as well as the State of Connecticut Civil Jury instructions indicated herein:

## Negligence - Definition

**REVISED TO DECEMBER 31, 1998**

Negligence is the violation of a legal duty which one person owes to another to care for the safety of that person or that person's property.

**AUTHORITY**

*Sharkey v. Skilton*, 83 Conn. 503, 508 (1910).

**REVISED TO DECEMBER 31, 1998**

## Common Law Negligence Defined

**REVISED TO DECEMBER 31, 1998**

Common law negligence is the failure to use reasonable care under the circumstances. Reasonable care is the care that a reasonably prudent person would use in the same circumstances.

**AUTHORITY**

*Hoelter v. Mohawk Services, Inc.*, 170 Conn. 495, 501 (1976).

**REVISED TO DECEMBER 31, 1998**

## Proximate Cause - Definition

**REVISED TO DECEMBER 31,1998**

Negligence is a proximate cause of an injury if it was a substantial factor in bringing the injury about.

### AUTHORITY

*Pilon v. Anderson,* 112 Conn. 300, 301 (1930) ("The meaning of the term 'substantial factor' is so clear as to need no expository definition .... Indeed, it is doubtful if the expression is susceptible of definition more understandable than the simple and familiar words it employs"); *Mahoney v. Boatman,* 110 Conn. 184, 185 (1929) (first formally adopting the substantial factor test as the test for proximate cause in Connecticut). Accord *Matherv. Griffin Hospital,* 207 Conn. 125, 130 (1988) (most recently quoting Pilon on and its progeny for the foregoing proposition).

**REVISED TO DECEMBER 31, 1998**

## Reasonable Care

**REVISED TO DECEMBER 31,1998**

In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known to the defendant at the time of the conduct in question. Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances. It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised.

### AUTHORITY

*Galliganv- Btais,* 170 Conn. 73, 77(1976); *Pleasure Beach Park Co. v. Bridgeport Dredge & Dock Co.,* 116 Conn. 496, 503 (1933); *Geoghegan v. G. Fox & Co...* 104 Conn, 129, 134 (1926),

**REVISED TO DECEMBER 31,1998**

## Duty - Foreseeability

**REVISED TO DECEMBER 31,1998**

A duty to use care exists when a reasonable person, knowing what the defendant here either knew or should have known at the time of the challenged conduct, would foresee that harm of the same general nature as that which occurred here was likely to result from that conduct. If harm of the same general nature as that which occurred here was foreseeable, it does not matter if the manner in which the harm that actually occurred was unusual, bizarre or unforeseeable.

### AUTHORITY

***Cobum v. Lenox Homes, Inc.,* 186 Conn.** 370, **375** (1982); ***Piselv. Stamford Hospital,* 180 Conn.** 314, 332-33(1980); ***Orio v.** Connecticut Co.,* 128 Conn. 231, 237(1941).

**REVISED TO DECEMBER 31,1998**

## Comparative Negligence - General

**REVISED TO DECEMBER 31,1998**

In this case the defendant has filed a special defense alleging that the plaintiffs injuries were legally caused by the plaintiffs own negligence. The defendant must prove the elements of this special defense by a preponderance of the evidence. Specifically, the defendant must prove that the plaintiff was negligent in one or more of the ways specified in the special defense and that such negligence was a legal cause of any of the plaintiffs injuries.

**REVISED TO DECEMBER 31,1998**

## Rules of Comparative Negligence

**REVISED TO MAY 1, 2003**

As I have explained, the plaintiff has claimed that the (collision/incident) was caused by the defendant's negligence and the defendant has claimed that it was caused by the plaintiffs own negligence. If you find that negligence on the part of BOTH parties was a substantial factor in causing the (collision/incident), then the law is that the plaintiff can recover damages from the defendant only to the extent of the defendant's fault and may not recover damages to the extent that he himself was at fault.

If the plaintiff was more at fault than the defendant, then the plaintiff cannot recover any damages.

Here is an example to make this rule clear If the plaintiff was 20% at fault and the defendant was 80% at fault, the plaintiff recovers 80% of his damages. If the plaintiff was 50% at fault and the defendant was 50% at fault, the plaintiff recovers 50% of his damages. However, if the plaintiff was more than 50% at fault, he was more at fault than the party he has sued, and he recovers no damages.

Just as an example, suppose the plaintiff's total damages were $100. If the plaintiff was 30% at fault and the defendant was 70% at fault, the plaintiff would recover 70% of the $100, or $70. The plaintiff would thus not receive payment for the part of his damages caused by his own negligence. Obviously, the numbers used are just for the sake of an example. I could have used $10,000 or $10 million.

**REVISED TO MAY 1, 2003**

## Expert Witnesses

**REVISED TO DECEMBER 31, 1998**

We have had in this case the testimony of expert witnesses. Expert witnesses, such as engineers or doctors, are people who, because of their training, education, and experience, have knowledge beyond that of the ordinary person. Because of that expertise in whatever field they happen to be in, expert witnesses are allowed to give their opinions. Ordinarily, a witness cannot give an opinion about anything, but rather is limited to testimony as to the facts in that witness' personal knowledge. The experts in this case have given opinions. However, the fact that these witnesses may qualify as experts does not mean that you have to accept their opinions. You can accept their opinions or reject them.

In making your decision whether to believe an expert's opinion, you should consider the expert's education, training and experience in the particular field; the information available to the expert, including the facts the expert had, and the documents or other physical evidence available to the expert; the expert's opportunity and ability to examine those things; the expert's ability to recollect the activity and facts that form the basis for the opinion; and the expert's ability to tell you accurately about the fact, activity and the basis for the opinion.

You should ask yourselves about the methods employed by the expert and the reliability of the result- You should further consider whether the opinions stated by the expert have a rational and reasonable basis in the evidence. Based on all of those things together with your general observation and assessment of the witness,

it is then up to you to decide whether or not to accept the opinion. You may believe all, some or none of the testimony of an expert witness. In other words, an expert's testimony is subject to your review like that of any other witness.

**REVISED TO DECEMBER 31, 1998**

## Credibility of Witnesses

**REVISED TO DECEMBER 31,1998**

The credibility of witnesses and the weight to be given to their testimony are matters for you as jurors to determine. However, there are some principles that you should keep in mind. No fact is, of course, to be determined merely by the number of witnesses who testify for or against it; it is the quality and not the quantity of testimony that controls. In weighing the testimony of each witness you should consider the witness' appearance on the stand and whether the witness has an interest of whatever sort in the outcome of the trial. You should consider a witness' opportunity and ability to observe facts correctly and to remember them truly and accurately, and you should test the evidence each witness gives you by your own knowledge of human nature and the motives that influence and control human actions. You may consider the reasonableness of what the witness says and the consistency or inconsistency of his or her testimony. You may consider his or her testimony in relation to facts that you find to have been otherwise proven. You may believe all of what a witness tells you, some of what a witness tells you, or none of what a particular witness tells you. You need not believe any particular number of witnesses and you may reject uncontradicted testimony if you find it reasonable to do so. In short, you are to apply the same considerations and use the same sound judgment and common sense that you use for questions of truth and veracity in your daily life.

**NOTES**

A complete and accurate change on credibility may require only the first and last sentences of this instruction. The remaining principles are recommended to provide additional guidance to the jury as warranted in any given case.

**REVISED TO DECEMBER 31, 1998**

## False Testimony

**REVISED TO DECEMBER 31, 1998**

If you believe that a witness testified falsely as to a part of his or her testimony, you may chose to disbelieve other parts of his or her testimony, or the whole of it, but you are not required to do so. You should bear in mind that inconsistencies and contradictions within a witness' testimony or between that testimony and other evidence do not necessarily mean that the witness is lying. Failures of memory may be the reason for some inconsistencies and contradictions; also, it is not uncommon for two honest people to witness the same event, yet perceive or recall things differently. Yet, if you find that a witness has testified falsely as to an issue, you should of course take that into account in assessing the credibility of the remainder of his or her testimony.

**NOTES**

This additional instruction is within the discretion of the trial court judge as the circumstances may Warrant in any given case. Instruction 1.39 is sufficient.

**REVISED TO DECEMBER 31, 1998**

## Standard of Proof

**REVISED TO DECEMBER 31.1998**

In order to meet his or her burden of proof, a party must satisfy you that his or her claims on an issue are more probable than not. You may have heard in criminal cases that proof must be beyond a reasonable doubt, but I must emphasize to you that this is not a criminal case, and you are not deciding criminal guilt or innocence. In civil cases such as this one, a different standard of proof applies. The party who asserts a claim has the burden of proving it by a fair preponderance of the evidence, that is, the better or weightier evidence must establish that, more probably than not, the assertion is true. In weighing the evidence, keep in mind that it is the quality and not the quantity of evidence that is important; one piece of believable evidence may weigh so heavily in your mind as to overcome a multitude of less credible evidence. The weight to be accorded each piece of evidence is for you to decide.

As an example of what I mean, imagine in your mind the scales of justice. Put all the credible evidence on the scales regardless of which party offered it, separating the evidence favoring each side. If the scales remain even, or if they tip against the party making the claim, then that party has failed to establish that assertion. Only if the scales incline, even slightly, in favor of the assertion may you find the assertion has been proved by a fair preponderance of the evidence.

### AUTHORITY

*Tianti v. William Ravels Real Estate, Inc.,* 231 Conn. 690, 702 (1995); *Holmes v. Holmes,* 32 Conn. App. 317, 318, cert, denied, 228 Conn. 902(1993).

**REVISED TO DECEMBER 31,1998**

## Burden of Proof - Affirmative Defenses

**REVISED TO DECEMBER 31,1998**

The defendant in this case, in addition to [instead of] denying the claims made by the plaintiff, has affirmatively asserted certain special defenses to the plaintiffs claims. I will review these special defenses with you in a moment, The defendant has the burden of proof as to the allegations of any special defenses upon which the defendant relies. The plaintiff does not have the burden to disprove the allegations of the defendant's special defenses. Rather, each party has the burden of proving that party's own claims and no burden to disprove the claims of that party's adversary.

### AUTHORITY

*Perieyv. Glastonbury Bank & Trust Co.,* 170 Conn. 691,698(1976).

### NOTES

This instruction should be adapted to address the existence of any counterclaims, cross claims or third party claims.

**REVISED TO DECEMBER 31, 1998**

## Use of Deposition

**REVISED TO DECEMBER 31, 1998**

While most of the witnesses whose testimony has been presented to you were here to testify in person, the testimony of one witness, [name], was presented to you by having a transcript read to you of questions asked

and answers given by that witness under oath at an earlier time [by the showing of a videotape]. Testimony that is presented in this manner may be accepted or rejected by you in the same way as the testimony of witnesses who have been physically present in court,

### AUTHORITY

Practice Book §§ 13-31(a)(2) (formerly § 248(1)(b)), 13-31(a)(4) (formerly § 248(1)(d)).

**REVISED TO DECEMBER 31, 1998**

## Use of Medical Records

**REVISED TO DECEMBER 1, 2001**

In this case, some of the medical evidence has been presented by doctors who testified, and some has been presented in the form of written reports by doctors who treated the plaintiff. There is a statute that provides that such written reports may be used in court. That statute was enacted so that persons claiming injury would not have to take doctors away from their medical duties in order to testify in court. Since the use of reports rather than testimony in court is permitted by this statute, you should not draw any unfavorable inference from the plaintiff's use of reports rather than live testimony of some medical practitioners.

### AUTHORITY

General Statutes § 52-174; *Rirhmnnd v. Ebinger*, 65 Conn. App. 776 (2001).

**REVISED TO DECEMBER 1, 2001**

## Status of Parties: General

**REVISED TO DECEMBER 31,1998**

In determining whether the defendant is liable to the plaintiff, it is necessary for you, the jury, to decide what if any duty the defendant owed to the plaintiff. Under our law, this depends on what the status of the plaintiff was in entering and remaining on the premises. If the plaintiff was a trespasser, that may obligate the defendant to do or refrain from doing certain things about the premises. If the plaintiff was a licensee (I will explain this term in a moment), then another set of obligations is due from the defendant. If the plaintiff is an invitee, then a third set of legal duties is owed by the defendant.

**Stipulation or Admission of Status:**

The parties agree that the Plaintiff had the status of an invitee. I will now explain what the law says about the duty of the defendant to one who has that status.

## Invitee

**REVISED TO DECEMBER 31,1998**

An invitee is one who either expressly or impliedly has been invited to go on the premises of the defendant. An invitee goes upon the premises at the express or implied invitation of the possessor for the possessor's benefit or for the mutual benefit of both. One who goes upon land in the possession of another as a business

visitor is an invitee,

If you find that the plaintiff was an invitee, then the defendant owed him the following duties:

1) the duty to use reasonable care to inspect and maintain the premises and to make the premises reasonably safe;

2) the duty to warn or guard the visitor from being injured by reason of any defects that the invitee could not reasonably be expected to discover;

3) the duty to conduct activities on the premises in such a way so as not to injure the visitor.

### AUTHORITY

*Warren v. Stancliff*, 157 Conn. 216, 218 (1968); cf. *Morin v. Bell Court Condominium Assn., Inc.*, supra, 223 Conn. 327.

### NOTES

The standard of care owed to a social invitee is the same as the standard of care owed to a business invitee. General Statutes § 52-557a.

**REVISED TO DECEMBER 31,1998**

## Damages

**REVISED TO APRIL 1, 2001**

The rule of damages is as follows. Insofar as money can do it, the plaintiff is to receive fair, just and reasonable compensation for all injuries and losses, past and future, which are proximately caused by the defendant's proven negligence. Under this rule, the purpose of an award of damages is not to punish or penalize the defendant for his/her negligence, but to compensate the plaintiff for his/her resulting injuries and losses. You must attempt to put the plaintiff in the same position, as far as money can do it, that he/she would have been in had the defendant not been negligent.

Our laws impose certain rules to govern the award of damages in any case where liability is proven. Just as the plaintiff has the burden of proving liability by a fair preponderance of the evidence, he/she has the burden of proving his/her entitlement to recover damages by a fair preponderance of the evidence. To that end, the plaintiff must prove both the nature and extent of each particular loss or injury for which he/she seeks to recover damages and that the loss or injury in question was proximately caused by the defendant's negligence. You may not guess or speculate as to the nature or extent of the plaintiff's losses or injuries. Your decision must be based on reasonable probabilities in light of the evidence presented at trial. Injuries and losses for which the plaintiff should be compensated include those he/she has suffered up to and including the present time and those he/she is reasonably likely to suffer in the future as a proximate result of the defendant's negligence. Negligence, as I previously instructed you, is a proximate cause of a loss or injury if it is a substantial factor in bringing that loss or injury about.

Once the plaintiff has proved the nature and extent of his/her compensable injuries and losses, it becomes your job to determine what is fair, just and reasonable compensation for those injuries and losses. There is often no mathematical formula in making this determination. Instead, you must use human experience and apply sound common sense in determining the amount of your verdict.

In a personal injury action, there are two general types of damages with which you must be concerned: economic and noneconomic damages. Economic damages are monies awarded as compensation for monetary losses and expenses which the plaintiff has incurred, or is reasonably likely to incur in the future, as a result of the defendant's negligence. They are awarded for such things as the cost of reasonable and necessary medical care and lost earnings. Noneconomic damages are monies awarded as compensation for

non-monetary losses and injuries which the plaintiff has suffered, or is reasonably likely to suffer in the future, as a result of the defendant's negligence. They are awarded for such things as physical pain and suffering, mental and emotional pain and suffering, and loss of diminution of the ability to enjoy life's pleasures.

I will now instruct you more particularly on economic damages.

The plaintiff is entitled to recover the reasonable value of medical care and expenses incurred for the treatment of injuries sustained as a result of the defendant's negligence. The plaintiff must prove that the expenses he/she claims were reasonably necessary and proximately caused by the defendant's negligence.

The plaintiff is also entitled to recover any loss of earnings or earning capacity that he/she proves to have been proximately caused by the defendant's negligence. With respect to lost earnings up to the present time, the plaintiff must prove that the defendant s negligence has prevented him/her from receiving the earnings for which he/she seeks compensation. He must do so by establishing a reasonable probability that his/her injury brought about a loss of earnings. The evidence must establish a basis for a reasonable estimate of that loss.

The plaintiff is also entitled to damages for the loss of future earnings based upon the evidence as to what he probably could have earned but for the harm caused by the defendant's negligence and as to what the plaintiff can now earn through the earning period of his/her life.

Let me now turn to noneconomic damages.

A plaintiff who is injured by the negligence of another is entitled to be compensated for all physical pain and suffering, mental and emotional suffering, loss of the ability to enjoy life's pleasures, and permanent impairment or loss of function that he/she proves by a fair preponderance of the evidence to have been proximately caused by the defendant's negligence. As far as money can compensate the plaintiff for such injuries and their consequences, you must award a fair, just, and reasonable sum. You simply have to use your own good judgment in awarding damages in this category. You should consider the nature and duration of any pain and suffering that you find.

A plaintiff who is injured by the negligence of another is entitled to be compensated for mental suffering caused by the defendant's negligence for the results which proximately flow from it in the same manner as he/she is for physical suffering.

You should consider, as a separate category for awarding damages in this case, the length of time the plaintiff was, or will probably be, disabled from engaging in activities which he/she enjoys.

If you find that it is reasonably probable that he/she has suffered permanent physical harm, loss of function or disfigurement, the plaintiff is entitled to be compensated for that category of injury. Your award should be in accordance with the nature and extent of such physical impairment, loss of function or disfigurement and the length of time he/she is reasonably expected to endure its negative consequences. (Here it may be appropriate to instruct the jury as to the use of any evidence of life expectancy that has been introduced.)

The plaintiff is entitled to full compensation for all injuries and losses proximately caused by the defendant's negligence even though those injuries and losses are more serious than they otherwise would have been because of a pre-existing condition. You may not compensate the plaintiff for the pre-existing injury itself However, the aggravation of such an injury, proximately caused by the defendant's negligence, is a proper item of noneconomic damages.

## NOTES

Only the portions of the charge pertinent to damages sought by the plaintiff and supported by the evidence should be given. In cases involving numerous categories of claimed economic damages, it is a good practice to provide the jury with an overview of the particular types of damages that are (if appropriate) are not being sought

If relevant, a life expectancy charge should be given at this time if it wasn't given at the time that the evidence was introduced.

Cases involving claims of fear of the possibility of future medical treatment and disability will require specialized instruction. See *Goodmasterv. Houser,* 25 Conn. 637, 645-47 (1993); *Petriello v. Kalman,* 215 Conn. 377, 395-98 (1990).

**REVISED TO APRIL 1, 2001**

# Damages - Fear Resulting from an Increase Risk of Future Medical Treatment and Disability

**REVISED TO OCTOBER 1, 2001**

The plaintiff may recover damages for fear of an increased risk of future medical treatment and disability proximately caused by the defendant's negligence. The fear must be rational in that the consequence feared has a reasonable basis in the evidence. Fear of a completely fictitious or imagined consequence, having no reasonable basis, is not a recoverable element.

**AUTHORITY**

*Barren v. Danbury Hospital,* 232 Conn. 242, 256 n.6 (1995); *Goodmasfer v. Houser,* 225 Conn. 637, 645-46 (1993); *Petriello v. Kaiman,* 215 Conn. 377, 389-90 (1990).

NOTES

Although no expert testimony is needed on the existence of the plaintiffs fear, the reasonable basis for that fear must be established by expert testimony. The underlying theory of the case law can apply to increased risks of harm other than that of increased risk of future medical treatment and disability. The charge can thus be modified in an appropriate case.

**REVISED TO OCTOBER 1, 2001**

# Suggested Amount of Damages

**REVISED TO DECEMBER 31, 1998**

In closing argument counsel mentioned some formulas or amounts that might figure in your verdict. I caution you that figures suggested by counsel do not constitute evidence. It is up to you to decide what fair, just and reasonable compensation is, whatever you find that figure might be, without regard to amounts that may have been suggested by counsel in argument.

AUTHORITY

General Statutes § 52-216b.

NOTES

This charge is required when counsel have advocated a particular dollar amount or a formula. It is probably not required when counsel have argued the total of economic damages but not a dollar amount as to other types of damages nor as to the whole verdict.

**REVISED TO DECEMBER 31, 1998**

## BEFORE START OF EVIDENCE

1.1   Obligations of Juror's Oath

1.3   No Deliberations Until Completion of Evidence and Change

1.8   Communications with the Court

## AFTER EVIDENCE

1.20   Role of Judge/Role of Jury

1.21   Duty to Follow Law

1.22   Duty to Decide on the Evidence

1.33   Ruling on Objections

1.49   Process for Jury's Deliberations

1.49 (a)  Duty to Deliberate

1.50   Restrictions on Deliberations

1.51   Procedures for Reporting Verdict

1.52   Discharge of Alternate Juror(s)

Dated: New Rochelle, New York
March 15, 2005

                                             Respectfully submitted,

                                             MARCUS, OLLMAN & KOMMER

                                             ROBERT CHARLES OLLMAN, ESQ.
                                             CT. Bar# CT 24555
                                             Attorney's for Plaintiff
                                             72 East Main Street
                                             New Rochelle, New York 10801
                                             (914) 633-7400
                                             rollman@MOKLaw.com

## CERTIFICATE OF SERVICE

Pursuant to D. Conn.L.Civ.R.7(e), this is to certify that a copy of the foregoing was mailed on the above date to the following:

Darren Renner, Esq.
Lustig & Brown, LLP
Attorneys for Defendant
1177 Summer Street
Stamford, Connecticut 06905

_____
ROBERT C. OLLMAN, ESQ.