FILED

UNITED STATES DISTRICT COURT
---------------------------------DISTRICT OF CONNECTICUT 2005 MAR 16 P 2:25---------

U.S. DISTRICT COURT
NEW HAVEN, CT

| | |
|---|---|
| PAUL FILIPPELLI, | CIVIL ACTION |
| Plaintiff, | NO. 3:02CV1906 (PCD) |
| vs. | |
| THE TERRACE CLUB | SECTION B |
| | TRIAL PREPARATION ORDER |
| Defendant. | |

The defendant, The Terrace Club hereby submits the following information pursuant to Section B in accordance with the Honorable Peter C. Dorsey's Standing Order for Trial Preparation.

1.  **Defendant's Proposed Stipulated Fact**

    a.  On December 16, 2000, the plaintiff, Paul Filippelli was a patron at The Terrace Club in Stamford, Connecticut.

Plaintiff's Reply:   Agreed.

    b.  The Terrace Club is owned and operated by Nelson Solis and Christopher Donahue.

Plaintiff's Reply:   Disagreed. It is alleged that the individuals are the shareholders and officers of Donnel Inc. dba The Terrace Club.

2.  **Proposed Findings of Fact**

    a. The incident at The Terrace Club involved a single patron who was using inappropriate language and was escorted from The Terrace Club upon the request of bartender Donna Coppa. The

defendant will introduce testimony and statements from the bartender Donna Coppa and testimony of the owners Christopher Donahue and Nelson Solis, together with security personnel Clifford Hawthorne and police officer Davis. The defendant proffers this evidence in dispute of the plaintiff's negligence claim.

Plaintiff's Reply: Disagreed. The deposition of Donna Coppa (page 33) refers to 1 or more patrons. The patron was not escorted he was surrounded and forcibly removed from the club, kicking, screaming and failing (Donahue, pages 62, 63 and 66). The man was so violent that 2 security men could not restrain him. There were men holding his arms and men in front and back of him as they forced him from the club. (Donahue, page 65)

  b. The plaintiff, Paul Filippelli failed to move out of the way as security personnel at The Terrace Club moved toward him and other patrons while removing an unruly patron from the club. The defendant will introduce testimony of Nelson Solis, Christopher Donahue, security personnel Clifford Hawthorne and bartender Donna Coppa to the extent required in response to the plaintiff's case-in-chief.

Plaintiff's Reply: Disagreed. The Plaintiff did not "fail" to move as he was never asked to move and was not aware of any danger until people fell on him causing him to fall to the floor and sustain an injury (Donahue, page 65; Filippelli pages 80-84). The crowd moved quickly towards him and he stepped back to get out of the way but there was nowhere for him to go as his back was to the wall (Filippelli page 90).

  c. The defendant exercised reasonable care and due diligence in maintaining a safe

environment for patrons of The Terrace Club. The defendant will introduce testimony from Clifford Hawthorne, security personnel and principals Christopher Donahue and Nelson Solis to testify about the procedures and guidelines for maintenance of security on the premises and that the same were followed at the time of the alleged incident. The defendant proffers this evidence to dispute the plaintiff's claim of negligence.

Plaintiff's Reply: Disagreed. The defendant faiedl to exercise reasonable care and the negligence of their employees caused Plaintiff's injury. Defendant's employees attempted to forcibly remove the patron(s) by surrounding him with 5-6 security personnel and then trying to force their way through the alcove where the Plaintiff was standing without regard for the safety of the Plaintiff or other patrons they knew were there, while the patron continued to struggle. (Donahue pages 56, 57, 60, 61 and 78; Coppa page 38, 40, 47, 49 and 53) Defendant's employees could have ejected the patron(s) by taking them through the side entrance which was only 15 feet way. (Coppa page 36) Security used force even though they were told not to use force (Donahue page 34).

     d.     The defendant was well under the limit of patrons on the premises with respect to the maximum capacity of people lawfully on the premises of The Terrace Club. The defendant will introduce testimony from the owners and operators of The Terrace Club with respect to the Fire Marshall's approval of maximum capacity and, average population of patrons for weekdays and weekends. The defendant proffers this evidence in evidence of the plaintiff's negligence claim.

Plaintiff's Reply: Disagreed. The number of patrons was not established although the estimates were 300-400 patrons (Donahue page 57; Coppa page 24).

e.  The defendants exercised reasonable care in providing a safe environment for patrons of the Terrace Club. The plaintiff, Paul Filippelli failed to keep a proper lookout and exercise reasonable care under the circumstances existing at or about the time of the alleged incident. The defendants warned the plaintiff and other patrons to remove themselves from the area where the subject patron was being escorted from the premises. Given the isolated incident, the defendant had no reason to anticipate the plaintiff's injuries. The defendant proffers this evidence in dispute of the plaintiff's negligence claim.

Plaintiff's Reply: Disagreed. No witness testified that the Plaintiff was told to leave the area before his injury. Mr. Donahue said he did not hear anyone warn the Plaintiff although they were supposed to before forcibly ejecting the patron(s). (Donahue page 65) Donna Coppa testified she may have heard some one say "get out of the way" but she was not sure. (Coppa page 43) Security never told Paul to move and neither did Ms. Coppa. (Coppa page 53). While security was removing the patron the music continued (Coppa page 30).

Mr. Donahue has admitted that the Plaintiff was injured when security tried to force the flailing patron through the alcove where the Plaintiff was standing which was he described as a bottleneck. (Donahue Page 78) There was only 3-4 feet of room between the bar and the wall (Donahue page 89) and the Plaintiff could not have gotten out through the door (Coppa page 56). Security could have removed the patron through the side door but they choose not to do so. Whatever exit they chose to use they should have formed a perimeter and made sure that patrons were cleared from the area before the wedge of security personnel and the patron(s) rushed through the area. (Donahue page 84)

There was a uniformed police office that was on duty but he was never called (Donahue p 76). This was not an isolated incident as there were always 12-14 bouncers on duty (Coppa 18). That

night another patron was injured as she was taken to the hospital in the ambulance with Plaintiff (see Police CAD narrative). The police blotter shows multiple incidents at the Terrace Club.

3. **Claims of Law**

> "[O]ur threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. By that is not meant that one charged with negligence must be found to actually have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?"...Gomes v. Commercial Union Ins. Co., "Typically, for the plaintiff to recover for the breach of a duty owed to [her] as [a business] invitee, it is incumbent upon [her] to allege and prove that the defendant either had actual notice of the presence of the specific unsafe condition which caused [her injury] or constitutive notice of it.." Baptise v. Better Val-U Supermarket, Inc., 262 Conn. 135, 811 A.2d 687 (2002).

4. **Defendant's Proposed Exhibits**

   A. Deposition of Nelson Solis with exhibits;

   B. Deposition of Christopher Donahue with exhibits;

   C. Deposition of Donna Coppa with exhibits;

   D. Deposition of Officer Davis with exhibits;

   E. Statement of Donna Coppa;

   F. Report of defendant's economist, Joel Evans and Brian Sullivan;

   G. Report of defendant's vocational expert James Pascuitti;

   H. Report of defendant's security expert, Al Palumbo;

   I. Report of defendant's expert, Dr. Avi Weiner;

   J. Plaintiff's income tax returns and requests made by the defendant to the IRS for the plaintiff's tax returns;

    K.    Reply to Response to Request for Employment Records and workers' compensation file with respect to previous injuries, ability to work as related to past and future income and verification of past wages.

    L.    Diagram of Scene

    M.    Statement of Donna Coppa

    N.    to___ Defendant reserves the right to supplement and/or amend this list of exhibits in rebuttal to the plaintiff's case-in-chief at trial.

**Plaintiff's Proposed Exhibits**

    SEE PLAINTIFF'S EXHIBIT LIST

**5.    Defendant's Witnesses Expected to Testify**

a.    Ms. Donna Coppa was the bartender on duty at the time of the alleged incident. Ms. Coppa is expected to testify that she was speaking with the plaintiff Paul Filippelli at or about the time of the incident and that she witnessed the subject incident. She is also expected to testify with respect to the location and action taken by other patrons at or about the time of the alleged incident and the actions of Paul Filippelli in response to the subject incident.

    b.    Officer Davis of the Stamford Police Department is expected to testify that he was employed as an off-duty policeman at The Terrace Club on the evening of the subject incident. Officer Davis is further expected to testify about his location and observations at or about the time of the alleged incident and thereafter. Officer Davis is also expected to testify with respect to his previous employment at The Terrace Club and knowledge of security procedures and issues of safety.

    c.    Nelson Solis , Proprietor of The Terrace Club. Mr. Solis is expected to

testify about his personal knowledge of the incident. Mr. Solis is further expected to testify about security procedures and safety measures taken by The Terrace Club in an effort to secure the premises for patrons and employees.

  d. Christopher Donahue, Proprietor of The Terrace Club. Mr. Donahue is expected to testify about his personal knowledge of the incident. Mr. Donahue is further expected to testify about security procedures and safety measures taken by The Terrace Club in an effort to secure the premises for patrons and employees.

  e. Clifford Hawthorne, security employee of The Terrace Club. Mr. Hawthorne is expected to testify about his training, background and routine with respect to hiring, training and reviewing conduct taken by security personnel taken at The Terrace Club. Mr. Hawthorne is further expected to testify about his knowledge about the subject incident.

  f. Dr. Avi Weiner. Dr. Weiner is expected to testify as an expert for the defense about his review of the plaintiff's medical records, an independent examination of the plaintiff, treatment history of the plaintiff, and the diagnosis and prognosis of the plaintiff.

  g. Mr. James Pascuitti, M.A., Rehabilitation Counselor Employment and Rehabilitation Consulting. Mr. Pascuitti is expected to testify as an expert for the defense with respect to his review of the pleadings, testimony and documentation relevant to the plaintiff's past and future employment options. Mr. Pascuitti is further expected to testify with respect to his examination of the plaintiff.

  h. Mr. Al Palumbo, Associate Principal, Ove-Arup and Partners, Consulting Engineers. Mr. Palumbo is expected to testify as an expert for the defense based on documents reviewed, interviews with personnel of The Terrace Club and an inspection of the premises relative to training, guidelines and procedures implemented for security at The Terrace Club.

        i.      Brian Sullivan, Ph.D. Dr. Sullivan, The Center for Forensic Economic Studies is expected as an expert for the defense about his review of documentation and analysis of the plaintiff's past employment, wages and future earning potential in order to evaluate and form an opinion with respect to the plaintiff's lost wage claim. Defendant reserves the right to supplement and/or amend this list of exhibits in rebuttal to the plaintiff's case-in-chief at trial.

### Plaintiff's Witnesses Expected to Testify

SEE PLAINTIFF'S WITNESS LIST

**6.** **Proposed Evidence in Dispute**

**a.** To be determined. The defendant is not aware of any item of evidence the plaintiff intends to dispute. The foregoing will be supplemented in response to the plaintiff's submission of Section A, Trial Preparation Order.

Dated: March 15, 2005
New Rochelle, New York

                                        Respectfully submitted,
                                        The Plaintiff
                                        PAUL FILIPPELLI

                                        By: _____
                                        John Kommer, Esq. (24553 CT)
                                        Marcus, Ollman & Kommer
                                        72 East Main Street
                                        New Rochelle, NY 10801
                                        Tele. No. (914) 633-7400
                                        Fax No. (914) 633-7445

## CERTIFICATE OF SERVICE

Pursuant to D.Conn.L.Civ.R.7(e), this is to certify that a copy of the foregoing was mailed on the above date to the following:

        Lori A. Eaton, Esq.
        Lustig & Brown, LLP
        1177 Summer Street
        Stamford, CT  06905
        Tele:  203/977-7840

                              John S. Kommer Esq.